ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL

| CARLOS W. SANTIAGO RIVERA<br><br>APELANTE<br><br>V.<br><br>MUNICIPIO AUTÓNOMO DE PONCE<br><br>APELADO | KLAN202400576 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Civil Núm.: JACI202303155<br><br>Sobre: Recurso de revisión |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece el señor Carlos W. Santiago Rivera (Sr. Santiago; apelado), por derecho propio y expone en su *Alegato Apelativo al Honorable Tribunal* (Alegato) que este Tribunal de Apelaciones tiene competencia que "surge del hecho de que la sentencia de la cual se apela fue dictada por la Sala Superior de Ponce del [T]ribunal de Primera Instancia, que ubica dentro de la demarcación de [esa] Región Judicial.[1] Sin embargo, no incluye copia de la sentencia a la cual se refiere, y si incluye copia de una *Resolución* sobre un Recurso de revisión, emitida el 9 de mayo de 2024, por la Lcda. Maricelly Serrano Lugo, Abogada IV del Municipio Autónomo de Ponce.

Adelantamos que se desestima el recurso por falta de jurisdicción.

**I**

El apelante hace referencia en su Alegato al caso de revisión núm. JACI202303155, adjudicado por el Tribunal de Primera Instancia, Sala de Ponce, mediante la *Resolución* emitida el 17 de agosto de 2023; esa resolución fue objeto del recurso KLCE202301079, en el cual se emitió una

---

[1] Alegato, pág. 4.

Número Identificador

SEN2024_____

*Sentencia* el 10 de octubre de 2023 por un panel hermano del Tribunal de

Apelaciones, en la cual se expuso y dispuso lo siguiente:

El 20 de julio de 2023, la policía municipal de Ponce expidió un boleto de tránsito contra el Sr. Santiago Rivera, por conducir en exceso de velocidad. Inconforme, el 1 de agosto de 2023, la parte peticionaria presentó recurso de revisión. Con motivo de lo anterior, el 17 de agosto de 2023, se celebró vista a la cual compareció el Sr. Santiago Rivera y el agente que expidió el boleto. Evaluada la prueba presentada, el Tribunal de Primera Instancia emitió Resolución mediante la cual declaró No Ha Lugar el recurso de revisión presentado por la parte peticionaria.

Aún insatisfecho, el 28 de agosto de 2023, el Sr. Santiago Rivera solicitó la reconsideración del dictamen. Atendida su petición, el 31 de agosto de 2023, el foro recurrido declaró No Ha Lugar la Moción de Reconsideración.

En desacuerdo con esta determinación, el Sr. Santiago Rivera recurre ante este foro apelativo intermedio, y señala la comisión del siguiente error, a saber:

*Erró el tribunal de primera instancia al determinar un no ha lugar en su sentencia. Cuando el imputado lleva un recurso de revisión al tribunal, el tribunal toma jurisdicción del caso y se detienen todos* [los] *procesos legales contra el perjudicado hasta que el tribunal decida la controversia a favor o en contra. El municipio erróneamente entiende que no se paralizan los procedimientos y continúa infligiendo las multas y penalidades al perjudicado sin importarle y en menos precio de que el tribunal tomó jurisdicción sobre la controversia. Someto recurso de reconsideración al Tribunal con un no ha lugar.*

[…]

Según el trámite procesal discutido, el Sr. Santiago Rivera presentó un recurso de revisión de multa que fue declarado No Ha Lugar. En su escrito, alega que, tras esta determinación, acudió ante el Departamento de Finanzas del municipio de Ponce con el propósito de pagar el boleto, y de acogerse al descuento de 50% en el pago. Sin embargo, aduce que no le permitieron beneficiarse del descuento, toda vez que ya habían transcurrido los 15 días que tenía para ello. Sostiene que, en base a esto, se le pretendía cobrar el boleto en su totalidad ($270), más una penalidad de $25 por hacer el pago después de los 30 días de emitido el boleto.

El Sr. Santiago Rivera recurre ante nos, por entender que, cuando se presenta un recurso de revisión ante el tribunal, se detienen todos los procesos legales hasta que el tribunal decida la controversia. Su contención es que el municipio erró al determinar que los procedimientos no estaban paralizados. Solicita se le permita acogerse al beneficio de 50% de descuento en el pago del boleto.

Resulta pertinente hacer este trasfondo porque, como puede observarse, **el Sr. Santiago Rivera no recurre ante este Tribunal de Apelaciones con motivo de la Resolución emitida por el Tribunal de Primera Instancia**, **mediante la**

**cual se declaró No Ha Lugar su recurso de revisión**. **Sino que**, **más bien**, **la parte peticionaria cuestiona la determinación del municipio en cuanto a que éste se rehusó aplicar el descuento de 50% en el pago del boleto**. Como foro revisor, nuestra labor es evaluar la determinación emitida por el foro recurrido. En este caso, lo que nos corresponde revisar es si el Tribunal de Primera Instancia erró al declarar No Ha Lugar la petición de revisión, por entender que el boleto se expidió correctamente. La solicitud de autos no impugna esta determinación, sino un asunto ajeno al que atendió el tribunal, y una determinación procedente del Departamento de Finanzas del [M]unicipio de Ponce.

En consecuencia, estamos impedidos de atender el presente recurso, por falta de jurisdicción. Le corresponde al Sr. Santiago Rivera impugnar dicha determinación a través del trámite correspondiente.

[…]

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso de *Certiorari* solicitado por el Sr. Carlos W. Santiago Rivera, por falta de jurisdicción.[2]

El Sr. Santiago añade en su Alegato que, ante lo dispuesto en la *Sentencia* emitida en el recurso KLCE202301079, acudió ante la División Legal del Municipio de Ponce y se emitió la resolución apelada, emitida el 9 de mayo de 2024, la cual impuso al apelante el pago total de $270.00 impuesto en el boleto, más una penalidad de $25.00, según la Ordenanza 1, Serie 2018-2019 del Municipio de Ponce.[3] Además, surge de la resolución apelada la siguiente advertencia:

Cualquier parte adversamente afectada por una orden o resolución dictada por el (la) Director (a) de la Oficina de Servicios Legales, **podrá solicitar revisión judicial ante la Sala del Tribunal Superior de Primera Instancia de Ponce, dentro del término de veinte (20) días contados a partir de la fecha del archivo en autos de la notificación de la Resolución final**. La parte adversamente afectada notificará la presentación del Recurso de Revisión Judicial a la Oficina de Servicios Legales del Municipio de Ponce.[4] (Énfasis nuestro.)

Inconforme, el Sr. Santiago expone el siguiente señalamiento de error:

Cuando el imputado lleva un recurso de revisión al tribunal, el tribunal toma jurisdicción del caso y se detienen todos los procesos legales contra el perjudicado hasta que el tribunal decida la controversia a favor o en contra. El municipio erróneamente entiende que no se paralizan los

---

[2] *Sentencia* emitida el 10 de octubre de 2023 en el KLCE202301079, págs. 1-4.
[3] Alegato, pág. 6.
[4] *Id.*, pág. 9.

procedimientos y contin[ú]a infligiendo(*sic*) las multas y penalidades al perjudicado sin importarle y en menos precio ,de que el tribunal tom[ó] jurisdicción sobre la controversia.[5]

La Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B) (5), nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

## II

## A.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Management Group v. Oriental Bank*, 204 DPR 374, 385 (2020); *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *JMG Investment v. ELA et al.*, 203 DPR 708, 714 (2019); *Horizon v. Jta. Revisora, RA Holdings*, *supra*, a las págs. 233-234. Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. de San Sebastián v. QMC Telecom* 190 DPR 652, 660 (2014). Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar. *Id.* No tenemos discreción para asumir jurisdicción donde no la hay. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

## B.

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C) concede a este Tribunal la facultad de

---

[5] *Id.*, pág. 5.

desestimar por iniciativa propia un recurso de apelación por los siguientes fundamentos:

(1) que el Tribunal de Apelaciones carece de jurisdicción;
(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
(3) que no se ha presentado o proseguido con diligencia o de buena fe;
(4) que **el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial** o que ha sido interpuesto para demorar los procedimientos;
(5) que el recurso se ha convertido en académico. (Énfasis nuestro.)

**III**

Según el trasfondo procesal expuesto en el recurso, el Sr. Santiago Rivera presentó el recurso de revisión número JAC202303155 ante el Tribunal de Primera Instancia, Sala de Ponce, sobre una multa emitida por el Municipio de Ponce, el cual fue declarado No Ha Lugar por un panel hermano en el recurso KLCE202301079. Nos solicita que "se declare inconstitucional el inciso (f) de la ordenanza municipal número 1 serie 2018-2019" y expone que inciso (f) "es la causa por la cual se viola el Artículo II [de] la carta de derechos[,] sección 7[,] el debido proceso de ley."

En su Alegato, el Sr. Santiago reitera los mismos argumentos presentados en el recurso previo, KLCE202301079, como sigue: que fue ante el Departamento de Finanzas del Municipio de Ponce con el propósito de pagar el boleto, y de acogerse al descuento de 50% en el pago; y, que no le permitieron beneficiarse del descuento, porque habían transcurrido los quince (15) días que tenía para ello, por lo que se le pretendía cobrar el boleto en su totalidad ($270.00), más una penalidad de $25.00 por hacer el pago después de los 30 días de emitido el boleto.[6] Esos reclamos presentados en el presente recurso ante nuestra consideración, KLAN202400576, también fueron argumentados previamente en el recurso KLCE202301079 con la sentencia que desestimó el recurso por falta de jurisdicción.

---

[6] Alegato, págs. 5-7.

Luego, el apelante añade lo siguiente: "Solicit[é] al municipio de Ponce todos los boletos que se habían expedido **de no ha lugar de revisión** del año 2012-2022- 2023. La señora Cruz Santiago de la oficina de estadísticas me informa que solo a través de una orden del Tribunal puedo darle esa información."[7] Además, nos solicita lo siguiente:

> Le pedimos a este [H]onorable [T]ribunal que nos conceda y autorice la entrega por parte de la oficina de estadísticas del municipio de Ponce, los casos de revisión al tribunal que en su determinación  resultó de ha lugar el recurso de revisión de los años 2021,2022 y 2023, Con esta información podremos probar si existe un patrón de violaciones de los derechos constitucionales de los ciudadanos cuando estos se presentan a pagar el boleto una vez reciben el dictamen del tribunal de no ha lugar al recurso de revisión.[8]

Evaluado el recurso ante nuestra consideración, resolvemos que el Sr. Santiago recurre ante nosotros con alegaciones repetitivas, también argumentado previamente en el recurso KLCE202301079, y carentes de fundamento para un remedio. El apelante presentó un recurso que no presenta una controversia sustancial y justiciable que requiera un remedio, lo que nos priva de jurisdicción según lo dispone la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA. Ap. XXII-A, R. 83 (C).

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso solicitado por el Sr. Carlos W. Santiago Rivera, por falta de jurisdicción.

Notifíquese.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] *Id.*, pág. 7.
[8] *Id.*